## WARDLAW *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Superior Court of New York City, General Term. May 2, 1892.)*

INCOMPATIBLE OFFICES — "CITY SURVEYOR"—"ASSISTANT ENGINEER"—COMPENSATION.

The city surveyor of New York city, who receives no salary, and whose position becomes vacant only by death, resignation, or removal, is not an officer, within Laws 1882, § 55, (consolidation act,) which provides that "any person * * * who shall hold or accept any other office connected with the government of the city of New York * * * shall be deemed thereby to have vacated every office held by him under the city government," and his acceptance of that position does not vacate his existing position of "assistant engineer."

Appeal from special term, New York county.

Action by Mary A. Wardlaw, administratrix of James R. Wardlaw, deceased, against the mayor, aldermen, and commonalty of the city of New York to recover $5,700 and interest, aggregating $6,821, for the salary of James R. Wardlaw, as "assistant engineer" during the interim between the time of his suspension and discharge. The defendant concedes the appointment, the suspension, and discharge, and the readiness of Wardlaw to perform his duties at all times. It claims, however, that because Wardlaw was appointed "city surveyor" in 1877 by a resolution of the common council, his attempt to hold the position of "assistant engineer" was the holding of two offices, which, under section 55 of the consolidation act, prevents a recovery. The court directed a verdict in favor of the plaintiff for the amount claimed, and the defendant moves for a new trial. The motion was denied, and defendant appeals. Affirmed.

MCADAM, J., after stating the facts as above, filed the following opinion at special term:

"While the defendant might have discharged the decedent, and relieved itself from liability, it could not suspend him without pay, (*Gregory* v. *Mayor*, 113 N. Y. 416, 21 N. E. Rep. 119; *Emmitt* v. *Same*, [Super. N. Y.] 13 N. Y. Supp. 887, affirmed, 28 N. E. Rep. 19;) and the moneys he earned in other employments during the suspension are not to be credited to the defendant, (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536, 7 N. E. Rep. 787; *Lethbridge* v. *Mayor, etc.*, [Super. N. Y.] 15 N. Y. Supp. 562.) There is nothing in the case which shows that the decedent abandoned or relinquished the office of assistant engineer, or in any manner discharged the defendant from its obligation to pay. The real question involved turns on whether the decedent, because he held the position of 'city surveyor' under a resolution of the common council passed in 1877, held an office, within the meaning of the prohibition contained in section 55 of the consolidation act,[1] which made him ineligible to hold the position of 'assistant engineer' under the defendant. There is no express authority given to the common council to appoint city surveyors, and, if the board possesses any power upon the subject, it is by implication only. But that question need not be seriously considered, for it is apparent that the appointment is not an office, within the meaning of section 55, *supra.* 'Office,' in the sense there employed, embraces the idea of public station, tenure, emolument, and duties, involving the

[1]This section is as follows: "Any person holding office, whether by election or appointment, who shall, during his term of office, accept, hold, or retain any other civil office of honor, trust, or emolument under the government of the United States (except commissioners for the taking of bail, or register of any court) or of the state, (except the office of notary public, or commissioner of deeds, or officer of the national guard,) or who shall hold or accept any other office connected with the government of the city of New York, or who shall accept a seat in the legislature, shall be deemed thereby to have vacated every office held by him under the city government. No person shall hold two city or county offices, except as expressly provided in this act; nor shall any officer under the city government hold or retain an office under the county government, except when he holds such office *ex officio*, by virtue of an act of the legislature; and in such case he shall draw no salary for such *ex officio* office."

right and corresponding duty to execute some public trust. . *In re Hathaway,* 71 N. Y. 238; *People* v. *Duane,* 121 N. Y. 367, 24 N. E. Rep. 845; *U. S.* v. *Hartwell,* 6 Wall. 385; *U. S.* v. *Germaine,* 99 U. S. 508. In legal contemplation an office is an entity, and may exist, though without an incumbent. *People* v. *Stratton,* 28 Cal. 382. It is an employment on behalf of government, in any station of public trust, not transient, occasional, or incidental. It is where one has to do with another's affairs against his will, and without his leave. The position of city surveyor has no tenure or salary. It does not exist independently of the incumbent, and does not become vacant by his death, removal, or resignation. It resembles that of licensee more than anything else. Every office implies an authority to execute some portion of the sovereign power of the state, either in making, executing, or administering the laws. The question came up in this court when it held that Frederick Dwight Olmstead, in holding the position of landscape architect of public parks and commissioner of state surveys, was not holding two offices, within the meaning of the section referred to. The court said: ' One who receives no certificate of appointment, has no term or tenure of office, but performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, is not an officer, and does not hold an office.' *Olmstead* v. *Mayor,* 42 N. Y. Super. Ct. 488. The court of appeals has held that the legislative prohibition to the common council against creating new officers extends to clerks, but not to janitors and ordinary servants, for they are not officers. *Sullivan* v. *Mayor, etc,,* 53 N. Y. 652; *Costello* v. *Same,* 63 N. Y. 48. The decedent, by reason of his position of city surveyor, was in no sense a clerk, city employe, or public official, and did not come within the purpose and intent of the prohibition contained in section 55, *supra.* 'The distinction,' said the court in *Olmstead* v. *Mayor, supra,* ' is plainly taken between a person acting as a servant or employe, who does not discharge independent duties, but acts by direction of others, and an officer empowered to act in the discharge of a duty or trust, under obligations imposed by the sanctions and restrains of legal authority in official life.' The verdict was properly directed, and the motion for a new trial must be denied."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*William H. Clark,* Corp. Counsel, (*Sidney J. Cowen,* of counsel,) for appellants. *L. Laflin Kellogg,* for respondent.

PER CURIAM. The judgment and order should be affirmed, with costs, upon the opinion filed by the trial judge on denying defendant's motion for a new trial.

---

### GRAY v. BLISS.

*(City Court of New York, General Term.   May 25, 1892.)*

PAROL EVIDENCE—AGREEMENT TO "ACCOUNT."

Parol evidence is admissible to show that at the time of a written agreement by defendant to account for a claim assigned to him by plaintiff, to be used as a counterclaim against one G., it was agreed that defendant should be allowed all costs and disbursements in defending the action brought against him by G.

Appeal from trial term.

Action by Robert J. Gray against Charles H. Bliss. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before NEWBURGHER and McCARTHY, JJ.

*Olin, Rives & Montgomery,* for appellant. *Miller & Miller,* for respondent.

NEWBURGHER, J. In 1882 defendant was indebted to Galland & Co., contractors, for some work done in the erection of a building. The plaintiff was