WARDLAW v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Superior Court of New York City, Special Term.  May 10, 1893.)

PLEADING—AMENDMENT—CONDITION—PAYMENT OF COSTS.

After a judgment in favor of plaintiff for $6,821 had been affirmed by the general term, but reversed by the court of appeals, with costs to abide event, a motion to amend the answer was granted, on condition that defendant pay the costs of the trial and general terms. The costs as taxed were $237.33 at trial and general terms, $10 on motion to amend, and $343.15 extra allowance. *Held*, that the costs imposed as a condition of the amendment did not include the extra allowance, but only the costs of the trial and general terms and of the motion to amend.

Action by Mary A. Wardlaw, as administratrix of James R. Wardlaw, deceased, against the mayor, aldermen, and commonalty of the city of New York, to recover $5,700, with interest, for the salary of deceased as "assistant engineer" during the interim between his suspension and discharge. Plaintiff recovered judgment for $6,821, which was affirmed at general term, and reversed by the court of appeals. See 19 N. Y. Supp. 6; 33 N. E. Rep. 140. Defendant moves to resettle an order allowing an amended answer to be served on payment of costs. Motion granted.

Kellogg, Rose & Smith, (L. Laflin Kellogg, of counsel,) for plaintiff.
William H. Clark, (Sidney J. Cowen, of counsel,) for defendants.

GILDERSLEEVE, J. On April 6, 1893, an order was entered allowing defendants to serve an amended answer on payment of the costs of trial and general terms, and $10 costs of motion. The plaintiff had been successful at the trial and general terms, (19 N. Y. Supp. 6,) but the court of appeals reversed the judgments in plaintiff's favor, and ordered a new trial, with costs to abide the event, (33 N. E. Rep. 140.) Thereupon defendants moved for leave to serve an amended answer. I granted the application on condition that defendants pay the costs of the trial and general terms, holding that, inasmuch as this amendment might possibly result in a verdict for defendants, in which event plaintiff would lose the costs of the trial and general terms, in which she had been successful, it was just that she should receive these costs as a condition for granting the motion; and I imposed also on defendants $10 as the costs of the motion. Ireland v. Railroad Co., 8 N. Y. St. Rep. 127. The plaintiff afterwards entered into a stipulation with defendants that these costs should be regarded solely as a penalty which defendants must pay for the privilege of serving an amended answer, and that, if the plaintiff is successful at the trial, she may tax the same costs again. The amount of the costs as taxed, including an extra allowance of $343.15, is $580.48, which, with

the costs of the motion, amount to $590.48. This sum the defendants regard as an excessive penalty to pay for leave to serve an amended answer. The plaintiff, on the other hand, contends that under the decision of Ireland v. Railroad Co., supra, she is entitled to receive that amount, to wit, all her costs, disbursements, and allowance as taxed. I cannot agree with this contention. The terms are entirely discretionary with the court, and should be regulated according to the circumstances of the case. Section 723 of the Code, which governs applications of this character, provides that the court may grant such applications, "and on such terms as it deems just." I. do not think, under the circumstances, that it would be just to impose on defendants so heavy a penalty as $590.48 for permission to serve their amended answer. I am of the opinion that, for the privilege of coming in and serving an amended answer, the defendants should pay to the plaintiff the sum of $247.33, which is equal to the taxable costs and disbursements of the two terms at which the plaintiff was successful, together with $10, the costs of this motion. This is the sum contemplated by the court when the motion was granted. It was not intended that the penalty should be made up by including therein a sum equal to the extra allowance.